UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | | Date | April 15, 2008 |
|---|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**        (IN CHAMBERS)

## I.    INTRODUCTION

On January 22, 2004, a jury convicted Defendant Marco Enriquez-Hermosillo ("Enriquez-Hermosillo") and co-Defendant Pedro Alberto Parra, Jr. ("Parra") of (1) possession with the intent to distribute 500 or more grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and (2) conspiracy to possess with the intent to distribute 500 or more grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846.  On February 22, 2005, the district court sentenced Enriquez-Hermosillo to 121 months in prison, 60 months of supervised release, and a $200 special assessment.[1]  On December 14, 2005, the Ninth Circuit affirmed Enriquez-Hermosillo's conviction and sentence.

On December 18, 2006, Enriquez-Hermosillo filed a motion requesting that the Court vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the Court DENIES Enriquez-Hermosillo's motion.

## II.    BACKGROUND

In November 2002, a confidential informant ("CI") for the U.S. Drug Enforcement Administration ("DEA") informed the DEA that Parra was interested in selling him

---

[1]  The Hon. Dickran Tevrizian was the trial judge.  This Court was assigned this case after he retired.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | Date | April 15, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO | | |

several pounds of methamphetamine.  (Trans. 1/15/04: 91-96.)  The CI met Parra through a mutual acquaintance, Jose Agapito Gomez ("Gomez"), whom the CI subsequently paid for the introduction.  (Trans. 1/15/04: 89-91.)  The CI and Parra had several monitored phone conversations during which they negotiated the amount and price of the methamphetamine that Parra would sell the CI as well as the time and location for completing the transaction.  (Trans. 1/15/04: 96-98, 105-26.)  On December 5, 2002, Parra, Enriquez-Hermosillo, and the CI met at a parking lot in Santa Ana.  (Trans. 1/15/04: 133-37.)  After the CI walked to defendants' vehicle, Enriquez-Hermosillo reached inside a laundry detergent box sitting in front of the front passenger seat and pulled out a one-pound package of methamphetamine to show the CI.  (Trans. 1/15/04: 138-43.)  After the CI gave an arrest signal, DEA agents arrested Parra and  Enriquez-Hermosillo.  (Trans. 1/14/04: 35-38.)

On December 18, 2002, a federal grand jury charged Enriquez-Hermosillo and Parra with (1) possession with the intent to distribute 500 or more grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and (2) conspiracy to possess with the intent to distribute 500 or more grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846.

At a hearing preceding the start of trial before Judge Tevrizian, the court inquired as to whether Enriquez-Hermosillo intended to introduce an entrapment defense.  (Trans. 1/13/04: 67.)  Enriquez-Hermosillo's counsel stated his "understanding of the case law is that the derivative entrapment is a disfavored theory" but argued that under the law of agency the entrapment defense should apply to his client.  (*Id.*)  The court ruled that "derivative entrapment is not permissible" and that "undisclosed agency in criminal trials equals derivative entrapment."  (Trans. 1/13/04: 67-68.)

On the second day of the trial, after opening statements, Enriquez-Hermosillo's counsel moved for severance on the ground that his client's defense was "fundamentally inconsistent" with that of Parra.  The court noted that the motion was untimely and that it did not "believe there is any inconsistency in this case."  (Trans. 1/14/04: 5.)  The government then stated that:

Even if this late motion had been made in a more timely manner, which it could have been as your Honor points out, I don't see any inconsistency

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | Date | April 15, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO |
|---|---|

based on the opening statements that we heard yesterday between the two
defenses. As far as I could discern what the defenses were going to be, Mr.
Parra is going to be asserting an entrapment defense based on either the
confidential informant or the so-called sub-informant. And as far as I could
understand what [Enriquez-Hermosillo's] defense was going to be, it was
going to be that the confidential informant in this case is not believable.
Because he's been paid a large amount of money and you just shouldn't
believe what he says. And so to the extent that the Government's case rests
on the confidential informant, that's his defense. And I don't see that the
inconsistency is there at all.

(Trans. 1/14/04: 5-6.) The Court responded: "And I agree." (*Id.*)

On January 22, 2004, a jury convicted Enriquez-Hermosillo and Parra on both
counts. On February 22, 2005, the district court sentenced Enriquez-Hermosillo to 121
months in prison, 60 months of supervised release, and a $200 special assessment. On
December 14, 2005, the Ninth Circuit affirmed Enriquez-Hermosillo's conviction and
sentence and rejected arguments that the court erred in denying Defendants' requests for
a continuance and for new trials. *United States v. Parra*, 155 Fed.Appx. 988 (9th Cir.
2005). The Ninth Circuit also stated that:

We do not address Enriquez-Hermosillo's ineffective assistance of counsel
claim on this direct appeal. This claim must be deferred to collateral review
because the representation was not facially inadequate and the record is
insufficiently developed to discern trial counsel's motives for (1) making an
untimely severance motion despite the defendants' obviously inconsistent
defenses, and (2) asserting an impermissible derivative entrapment defense.

*Id.* at 990-91.

## III.   **Legal Standard for Ineffective Assistance of Counsel**

To prevail on a Sixth Amendment ineffective assistance of counsel claim, "'the
defendant must show that counsel's performance was deficient . . . [and] that the deficient
performance prejudiced the defense.' The attorney's performance is evaluated against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | Date | April 15, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO |
|---|---|

'an objective standard of reasonableness,' which is ascertained in light of prevailing professional norms and all relevant circumstances." *Tanner v. McDaniel*, 493 F.3d 1135, 1141 (9th Cir. 2007) (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). Both prongs of the *Strickland* test must be satisfied in order to establish a constitutional violation. *Strickland*, 466 U.S. at 697. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

## IV.   DISCUSSION

### A.   Enriquez-Hermosillo's Contentions

In his petition, Enriquez-Hermosillo, who is proceeding *pro per*, contends that his counsel did not provide constitutionally-mandated assistance by (1) failing to "adequately prepare a defense instead of derivative entrapment which is not recognized in this jurisdiction"; and (2) failing to move for a severance in a timely manner where his co-defendant's defense implicated Enriquez-Hermosillo.

On April 23, 2007, Enriquez-Hermosillo filed a motion seeking leave to amend his petition to add the claim that his counsel did not provide constitutionally-mandated assistance by failing to explain the benefits of a plea offer.[2]  Enriquez-Hermosillo argues that counsel failed to ensure that Enriquez-Hermosillo understood that under the plea offer he was eligible to receive a sentence below the mandatory minimum sentence of ten years.  Instead, Enriquez-Hermosillo contends that his counsel misled him into believing that the only sentence he could receive was above the mandatory minimum.  Enriquez-Hermosillo claims that he would have received a sentence under the mandatory minimum if he had pled guilty, given that his criminal history only included one prior conviction

---

[2] On May 22, 2007, the Court granted Enriquez-Hermosillo's motion seeking leave to amend, deemed Enriquez-Hermosillo's petition amended to contain the allegations and arguments in the motion, and ruled that Enriquez-Hermosillo waived the attorney-client privilege as a result of his new claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | Date | April 15, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO | | |

for a traffic violation.  Enriquez-Hermosillo also requests an evidentiary hearing.[3]

### B.    Counsel's Alleged Failure to Prepare an Adequate Defense

Enriquez-Hermosillo contends that his counsel did not provide constitutionally-mandated assistance by failing to "adequately prepare a defense" after relying on the disfavored theory of derivative entrapment.  "Derivative entrapment occurs when an entrapped individual induces the defendant to commit a crime."  *United States v. Thickstun*, 110 F.3d 1394, 1399 (9th Cir. 1997).  The Ninth Circuit has rejected the defense of derivative entrapment.  *Id.*

Enriquez-Hermosillo claims that his trial counsel

disclosed on the first day of trial that he intended to present a 'derivative entrapment' defense, a defense that is not recognized in this jurisdiction. After learning that he could not present this defense, counsel waited until after the jury had been impaneled and opening statements had been given to orally request a severance.  The request was denied.  As such, [Enriquez-Hermosillo] found himself locked into trial with no defense . . . .

(Petition at p.3.)

Enriquez-Hermosillo further argues that counsel's reliance on a "disfavored" defense and his delay in moving for severance reflect counsel's "ill-preparedness." Enriquez-Hermosillo claims that it was no secret that Parra was preparing an entrapment defense and that such a defense required Parra to admit to engaging in the alleged criminal conduct.  (Petition at p.5.)  When he realized counsel's error, Enriquez-Hermosillo moved for new counsel, which the court denied.  In further support of his

---

[3] On July 23, 2007, Enriquez-Hermosillo filed a motion again seeking leave to amend his petition.  Enriquez-Hermosillo argues that he "recalled further evidentiary issues [that] existed in support of claims and matters concerning ineffective assistance of counsel" and "that misconduct occurred during the prosecution and trial."  On July 31, 2007, the Court granted the motion for leave to amend the petition and ordered that Enriquez-Hermosillo file a second amended Section 2255 petition by no later than August 20, 2007.  He did not file a second amended petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | Date | April 15, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO | | |

claim for ineffective assistance, Enriquez-Hermosillo challenges trial counsel's failure to introduce evidence of Enriquez-Hermosillo's lack of predisposition to commit the charged crimes.

Based on the record and the significant evidence against Enriquez-Hermosillo, his counsel did not provide constitutionally deficient representation.  Counsel made a good faith argument that the "disfavored" defense of derivative entrapment might apply to his client under agency law.  (Trans. 1/13/04: 67-68.)  The record also shows that at trial counsel did not fail to prepare an adequate defense.  Enriquez-Hermosillo's counsel cross-examined the CI, who admitted that he had performed informant work for numerous federal and state agencies and had failed to pay taxes on the compensation, which included $350,000 from the DEA alone.  (Trans. 1/15/04: 176-80.)  Counsel also cross-examined Gomez, who admitted: (1) that the CI had paid him $1,000 to introduce him to Parra; (2) that he had worked on 10-12 cases with the CI since 2002; (3) that he never had any contact with Enriquez-Hermosillo; and (4) that he had called Parra 42 times between November 21, 2002 and December 5, 2002.  (Trans. 1/16/04: 51-52,70,89-93,96.)  Counsel moved for acquittal under Rule 29 and filed a brief in support of the motion, arguing that there was insufficient evidence for conviction because the government engaged in an improper "pattern and practice" of using Gomez and because the evidence collected by the government was "immunized" from adequate cross-examination.  (Kim Decl. Ex. E.)  In denying the Rule 29 motion, the court noted the "significant cross-examination" conducted by both defense lawyers.  (Trans. 1/21/04: 9-10.)  Yet, when Parra took the stand in his defense, Enriquez-Hermosillo's counsel "declined to cross-examine him at the expressed request of [his] client who asked [counsel] not to . . . ."  (Trans. 1/16/04: 202-03.)  Enriquez-Hermosillo confirmed that he had instructed his counsel not to cross-examine Parra.  (Trans. 1/16/04: 203.)  Thus, counsel's attempt to advance a defense that the court rejected not only did not constitute ineffective assistance, but given the "highly deferential" scrutiny of counsel's performance, counsel's representation of Enriquez-Hermosillo fell within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689.

The trial reflected that the jury was given ample basis to assess the evidence against Enriquez-Hermosillo independently - - *i.e.*, without regard to the evidence against, or given by, Parra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | Date | April 15, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO | | |

Moreover, even if counsel's performance was deficient, it did not prejudice the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687. The evidence against Enriquez-Hermosillo was significant. A DEA agent testified that after his arrest, Enriquez-Hermosillo admitted that he had arranged to purchase the methamphetamine from his supplier and had personally picked it up. (Trans. 1/14/04: 221-22.) The agent also testified that Enriquez-Hermosillo had admitted to revealing the methamphetamine to the CI. (*Id.*)

### C. Counsel's Failure to Move Timely for Severance
### The analysis in this section of this Order substantially overlaps with Section B.

Enriquez-Hermosillo argues that had counsel been aware of the law in the Ninth Circuit, he would have brought a timely motion to sever and the court would have granted the motion. Instead, the court denied Enriquez-Hermosillo's untimely motion to sever and that denial, Enriquez-Hermosillo argues, prejudiced him because Parra explicitly identified Enriquez-Hermosillo as being in the car when they attempted to sell methamphetamine to the CI.

In *United States v. Angwin*, 271 F.3d 786, 795 (9th Cir. 2001), *overruled on other grounds in United States v. Lopez*, 484 F.3d 1186 (9th Cir.2007) (en banc), the Ninth Circuit stated that:

> To warrant severance on the basis of antagonistic defenses, codefendants must show that their defenses are irreconcilable and mutually exclusive. *See United States v. Sherlock*, 962 F.2d 1349, 1363 (9th Cir.1992). Defenses are mutually exclusive when "acquittal of one codefendant would necessarily call for the conviction of the other." *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991); *see United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996) (noting that "a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant"). Even when defendants present antagonistic defenses, such defenses "are not prejudicial *per se*." *Zafiro v. United States*, 506 U.S. 534, 538, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *see id.* at 539, 113 S.Ct. 933 (noting that "a district court should grant a severance under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | Date | April 15, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO | | |

[Federal] Rule [of Criminal Procedure] 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilty or innocence").

Here, counsel's failure to timely move for severance does not constitute ineffective assistance of counsel because even if the motion were timely, the court probably would have denied it. Based on the record, Enriquez-Hermosillo's primary defense at trial was that the CI and Gomez were not credible witnesses. Parra's defense was that the CI and Gomez had entrapped him into committing the crime. Parra testified that the CI and Gomez had lied in testifying that Parra was eager to sell the drugs and that they did not pressure him to do so. To that extent, Parra's testimony about the key witnesses' supposed lack of credibility was consistent with Enriquez-Hermosillo's strategy. Moreover, Parra's testimony that Enriquez-Hermosillo had participated with him in the methamphetamine transaction was consistent with Enriquez-Hermosillo's own post-arrest statement. Thus, the defenses of Enriquez-Hermosillo and Parra were not "irreconcilable and mutually exclusive" such that acquittal of one codefendant would necessarily call for the conviction of the other. *Angwin*, 271 F.3d at 795. The court found as much, denying counsel's motions to sever after opening statements and again after the government rested its case. (Trans. 1/14/04: 5; 1/16/04: 30.)

Accordingly, because there were insufficient grounds for severance regardless of when the request was made, counsel's failure to move timely for severance did not constitute constitutionally deficient representation. In addition, had the motion been made earlier and granted - - *i.e.*, had Enriquez-Hermosillo been tried separately - - would the outcome have been any different? Almost certainly not; the evidence against him was powerful, as shown above.

**D.      Counsel's Alleged Failure to Advise Enriquez-Hermosillo of the Benefits of a Plea Offer or His Eligibility for the "Safety Valve"**

Finally, Enriquez-Hermosillo argues that his counsel did not provide constitutionally-mandated assistance by failing to explain the benefits of a plea offer or his eligibility for the "safety valve" provision of United States Sentencing Guidelines §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | Date | April 15, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO | | |

5C1.2.[4]  Enriquez-Hermosillo claims he would have pled guilty and received a sentence below the mandatory minimum sentence of ten years if his counsel had properly advised him of the plea offer.

However, Enriquez-Hermosillo was not eligible for the "safety valve."  Under U.S.S.G. § 5C1.2, in order to be eligible for the safety valve, a defendant must have no more than one criminal history point.  Enriquez-Hermosillo had three criminal history points for three convictions in January 24, 2001, June 11, 2001, and January 16, 2002 and at sentencing, the court added two points for his conviction on the instant offenses, which he committed while on probation.  (Trans. 2/33/05: 11-12) ("However, the Probation Department reports that Mr. Enriquez has more than one criminal history point and, therefore, he does not qualify for the safety valve.").  Even if Enriquez-Hermosillo had pled guilty instead of proceeding to trial, he would not have been eligible under the safety valve to receive a sentence below the statutory minimum of ten years.

---

[4]  The "safety valve" provision provides, in relevant part, that "in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below: (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category); (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement."  U.S.S.G. § 5C1.2(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | Date | April 15, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO | | |

Moreover, Enriquez-Hermosillo's eligibility under the "safety valve" did not hinge on his decision to proceed to trial instead of pleading guilty. A defendant is eligible for the "safety valve" if he meets all the criteria set forth in Section 5C1.2. The plea agreement that the government offered to Enriquez-Hermosillo did not guarantee that he would receive the safety valve if he pled guilty. In the plea agreement, the government agreed to stipulate to certain prerequisites of the safety valve (5C1.2(a)(2)-(4)), but not 5C1.2(a)(1) ("the defendant does not have more than 1 criminal history point"). Thus, he was ineligible for the safety valve regardless of whether he pled guilty. Accordingly, assuming his counsel failed to advise Enriquez-Hermosillo properly of the safety valve, such failure did not prejudice Enriquez-Hermosillo.

## V.   Motion for Appointment of Counsel

On August 20, 2007, Enriquez-Hermosillo filed a motion for appointment of counsel "to further represent him in any further proceedings" for his petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Enriquez-Hermosillo argues that he is entitled to appointment of counsel under the Sixth Amendment and the Criminal Justice Act and because his petition presents novel and complex issues of law.

Enriquez-Hermosillo filed the motion for appointment of counsel after he filed his § 2255 petition and after the government filed its opposition to the petition. It lacked merit and the Court DENIES it.[5] The Court further finds that a hearing is unnecessary.

## VI.   Enriquez-Hermosillo's Supplemental Brief

On October 11, 2007, Enriquez-Hermosillo filed a supplemental brief in support of his motion to vacate, set aside, or correct his sentence. The brief advances new arguments and serious allegations. Enriquez-Hermosillo claims that his trial counsel Paul Potter (1) expressed to Enriquez-Hermosillo that "he never had the intention of helping [Enriquez-Hermosillo] in his case," (2) never gave Enriquez-Hermosillo copies of discovery, (3) never made an attempt to prepare Enriquez-Hermosillo for trial or discuss discovery issues in preparing a defense, and (4) "made a deal of some sort" with the prosecutor, who is counsel's close friend. (Def. Supp. Brief at p.6-9.) Enriquez-

---

[5] Docket No. 16.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | Date | April 15, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO |
|---|---|

Hermosillo further asserts that during a recess in the fourth day of trial on January 16, 2004, Assistant United States Attorney Beong-Soo Kim perpetrated a "fraud upon the court" by "deliberately and deceitfully" removing exhibit folders that had been admitted into evidence.  (Def. Supp. Brief at p.7-8.)  Enriquez-Hermosillo alleges that both defendants, counsel for both defendants, and members of Judge Tevrizian's staff witnessed the incident.  Finally, Enriquez-Hermosillo contends that Judge Tevrizian abused his discretion by denying Enriquez-Hermosillo's three requests for substitution of counsel and by affording too much weight to the sentencing guidelines in violation of *Booker*.

First, the brief is procedurally improper.  On July 31, 2007, the Court granted Enriquez-Hermosillo's second motion for leave to amend his petition and ordered that he file a second amended § 2255 petition by no later than August 20, 2007.  He did not file a second amended petition.  Instead, Enriquez-Hermosillo filed this untimely brief on October 11, 2007.  The government has not filed any opposition brief, and it need not do so.

The alleged misconduct took place during the trial in January 2004.  Enriquez-Hermosillo's failure to raise these allegations earlier or explain his delay in doing so obviously raises serious - - indeed, virtually irrefutable - - questions as to the truth of these claims.  Indeed, Enriquez-Hermosillo presents no evidence in support of his serious factual allegations of misconduct on the part of Potter and Kim.  He does not even corroborate his allegations with his own sworn declaration.  In addition, the Ninth Circuit found "no merit in Enriquez-Hermosillo's contention that the district court abused its discretion in denying his request, made during the trial, to relieve his counsel.  Enriquez-Hermosillo articulated no sufficient ground for such relief, and the record discloses none."  *United States v. Parra*, 155 Fed.Appx. 988, 990 n.4 (9th Cir. 2005).

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8101 AHM<br>CR 03-121 DT√ | Date | April 15, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. MARCO ENRIQUEZ-HERMOSILLO | | |

## VII.   CONCLUSION

For the foregoing reasons, the Court DENIES Enriquez-Hermosillo's §2255 motion.[6]

IT IS SO ORDERED.

No hearing is necessary.  Fed. R. Civ. P. 78(b); L. R. 7-15.

_____ : _____

Initials of Preparer                SMO

_____

---

[6] Docket No. 1.